UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.           )<br>)  Crim. No. 05-10019-RGS<br>XIEU VAN SON,           )<br>         defendant.    )<br>) | |

NOTICE OF PLEA AGREEMENT

The United States, by its undersigned counsel, hereby notifies the Court that the defendant and the United States Attorney have entered into an agreement for defendant to tender a plea of guilty pursuant to Fed. R. Crim. P. 11(c)(1)(B). A copy of the agreement is attached.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

dated: April 5, 2006

By: /s/ Paul G. Levenson
PAUL G. LEVENSON
Assistant U.S. Attorney
John Joseph Moakley United States Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3147

CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non registered participants on this date.

dated: April 5, 2006

/s/ Paul G. Levenson
PAUL G. LEVENSON



**U.S. Department of Justice**

*Michael J. Sullivan*
*United States Attorney*
*District of Massachusetts*

---

Main Reception: (617) 748-3100

John Joseph Moakley United States Courthouse
Suite 9200
1 Courthouse Way
Boston, Massachusetts 02210

October 17, 2005

Mark D. Smith, Esq.
Smith and Laredo, P.C.
15 Broad Street, Suite 600
Boston, MA 02109

    Re: <u>United States v. Xieu Van Son, Criminal No. 05-cr-10019</u>

Dear Mr. Smith:

    This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Xieu Van Son ("Defendant"), in the above-captioned case. The Agreement is as follows:

    1.    <u>Change of Plea</u>

    At the earliest practicable date, Defendant shall plead guilty to Count 19 of the above-captioned Indictment, which charges Defendant with: Willful Failure to Keep Tax Records and to Supply Tax Information, in violation of 26 U.S.C. §7203. Defendant expressly and unequivocally admits that he in fact knowingly, intentionally and willfully committed the crime charged in count 19 of the Indictment, and is in fact guilty of that offense. The U.S. Attorney agrees to dismiss Count 1 as against Defendant Xieu Van Son following the imposition of sentence.

    2.    <u>Penalties</u>

Defendant faces the following maximum penalties:

1 year imprisonment
$100,000 fine
1 year supervised release
$25 special assessment

Defendant may also be deportable and/or excludable by the United States Bureau of Immigration and Customs Enforcement as a consequence of his conviction of the offense to which he is pleading guilty. The U.S. Attorney makes no representation and takes no position with respect to Defendant's immigration status.

3. <u>Sentencing Guidelines</u>

a. The sentence to be imposed upon Defendant is within the discretion of the sentencing Court, subject to the statutory maximum penalties set forth above, and the provisions of the Sentencing Reform Act and the United States Sentencing Guidelines promulgated thereunder, as modified by <u>United States v. Booker</u> and <u>United States v. Fanfan</u>, 125 S. Ct. 738 (2005). In imposing the sentence, the Court must consult and take into account the United States Sentencing Guidelines, along with the other factors set forth in 18 U.S.C. §3553(a).

b. The parties agree to jointly take the following positions at sentencing with regard to offense conduct, adjustments and criminal history under the United States Sentencing Guidelines:

(i) The parties agree jointly to take the position that the applicable version of the Guidelines is effective Nov. 1, 1998, and that the following are the applicable guideline calculations:

§2T1.1 (a)(1) Level from §2T4.1 (Tax Table) corresponding to the tax loss (>$5,000,000 and <$10,000,000) .................... 22

(b)(2) If the offense involved sophisticated means [use of corporate shells], increase by 2 levels ............................ 2

Total offense level ............................................. 24

§5G1.1(a) Where the statutorily authorized maximum sentence is less than the minimum of the applicable guideline range, the statutorily authorized maximum sentence shall be the guideline sentence.

(ii) Defendant reserves the right to argue at sentencing that he is entitled a mitigating role adjustment pursuant to U.S.S.G. §3B1.2. The U.S. Attorney reserves the right to oppose any such adjustment.

c. The U.S. Attorney and Defendant agree that there is no basis for a departure from the sentencing range established by the United States Sentencing Guidelines, except as explicitly

2

reserved below. Accordingly, neither the U.S. Attorney nor Defendant will seek a departure on any ground from the Sentencing Guidelines, except under the conditions explicitly set forth below. Defendant reserves the right to seek a downward departure on one or more of the following grounds, separately or in combination, and no others:

> Loss overstates seriousness of the offense;
> the guidelines overstate the defendant's culpability;
> under the totality of the circumstances, including the defendant's personal background and history of service to this country, the guidelines overstate the defendant's culpability.

The U.S. Attorney reserves the right to oppose Defendant's departure argument(s).

   d.   In the event Defendant contends that there is a basis for departure from the otherwise applicable U.S. Sentencing Guideline range based on his medical, mental and/or emotional condition, or otherwise intends to rely on any such condition at sentencing, Defendant will, forthwith upon request, execute all releases and other documentation necessary to permit the U.S. Attorney and his experts (including medical personnel of the Bureau of Prisons) to obtain access to Defendant's medical, psychiatric, and psychotherapeutic records and will also provide to the U.S. Attorney forthwith copies of any such records already in his possession. In addition, Defendant will authorize his care providers to discuss his condition with the U.S. Attorney and his agents (including medical personnel of the Bureau of Prisons), as well as experts retained by the U.S. Attorney. Defendant also agrees to submit to examinations and interviews with experts retained by and chosen by the U.S. Attorney (including medical personnel of the Bureau of Prisons).

Failure to comply with any aspect of the notice requirements of this paragraph 3(d) shall operate as a waiver of any ground for departure for which full notice was not supplied.

   e.   Based on Defendant's prompt acceptance of personal responsibility for the offense(s) of conviction in this case, and information known to the U.S. Attorney at this time, the U.S. Attorney agrees to recommend that the Court reduce by three levels Defendant's Adjusted Offense Level under U.S.S.G. § 3E1.1.

The U.S. Attorney specifically reserves the right not to recommend a reduction under U.S.S.G. § 3E1.1 if, at any time between his execution of this Agreement and sentencing Defendant:

   (i)    Fails to admit a complete factual basis for the plea;

   (ii)   Fails to truthfully admit his conduct in the offenses of conviction;

   (iii)  Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

(iv) Fails to provide truthful information about his financial status;

(v) Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

(vi) Engages in acts which form a basis for finding that Defendant has obstructed or impeded the administration of justice under U.S.S.G. § 3C1.1;

(vii) Intentionally fails to appear in Court or violates any condition of release;

(viii) Commits a crime;

(ix) Attempts to withdraw his guilty plea.

Defendant expressly understands that he may not withdraw his plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that he receive a reduction in Offense Level for acceptance of responsibility.

Defendant expressly understands that, in addition to declining to recommend an acceptance-of-responsibility adjustment, the Government may seek an upward adjustment pursuant to U.S.S.G. § 3C1.1 if Defendant obstructs justice after date of this Agreement.

4. Sentence Recommendation

a. U.S. Attorney agrees to recommend the following sentence before the District Court:

(i) Not more than one year incarceration or other confinement;

(ii) A fine in such amount as the U.S. Attorney deems appropriate, taking into account Defendant's financial ability and any tax penalty and restitution obligations that may apply;

(iii) Restitution in such amount as the U.S. Attorney deems appropriate;

(iv) $25 Mandatory special assessment;

(v) 1 year supervised release, subject to the following conditions, along with such other conditions as the U.S. Attorney deems appropriate:

4

During the period of supervised release, Defendant must, within six months of sentencing or release from custody, whichever is later:

    (A)    Cooperate with the Examination and Collection Divisions of the Internal Revenue Service with respect to his personal tax liabilities;

    (B)    Provide to the Examination Division all financial information necessary to determine Defendant's prior tax liabilities with respect to his personal tax returns;

    (C)    Provide to the Collection Division all financial information necessary to determine Defendant's ability to pay;

    (D)    File accurate and complete personal tax returns for those years for which returns were not filed or for which inaccurate returns were filed; and

    (E)    Make a good faith effort to pay all delinquent and/or additional taxes, interest and penalties with respect to his personal tax liability.

(b)    Defendant agrees to recommend the following sentence:

(i)    Any term of imprisonment, home detention and/or probation he deems appropriate;

(ii)    A fine in such amount as Defendant deems appropriate, taking into account Defendant's financial ability and any tax penalty and restitution obligations that may apply;

(iii)    Restitution in such amount as Defendant deems appropriate;

(iv)    $25 Mandatory special assessment;

(v)    1 year supervised release or probation, subject to the conditions outlined in paragraph 4(a)(v)(A-E), above.

Defendant agrees that he will provide to the U.S. Attorney expert reports, motions, memoranda of law and documentation of any kind on which he intends to rely at sentencing not later than twenty-one days before sentencing. Any basis for sentencing with respect to which all expert reports, motions, memoranda of law and documentation have not been provided to the U.S. Attorney at least twenty-one days before sentencing shall be deemed waived.

In the event of an appeal from, or collateral challenge to, Defendant's sentence, the U.S. Attorney reserves his right to argue the correctness of Defendant's sentence and the manner in which the District Court determines it.

5. <u>Payment of Mandatory Special Assessment</u>

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

6. <u>Waiver of Hyde Amendment Claim</u>

Defendant is aware that 111 Stat. 2440, 2520 (1997), the so-called "Hyde Amendment," authorizes courts in criminal cases to award to certain prevailing defendants attorneys' fees and other litigation expenses. In exchange for concessions made by the U.S. Attorney in this Agreement, Defendant voluntarily and knowingly waives any claim that he might assert under this statute based in whole or in part on the U.S. Attorney's agreement in paragraph 1 to dismiss count 1.

7. <u>Cooperation</u>

a. <u>Terms of Cooperation</u>

Defendant agrees to cooperate fully with law enforcement agents and government attorneys. He must provide complete and truthful information to all law enforcement personnel. If his testimony is requested, he must testify truthfully and completely before any grand jury, and at any hearing and trial. Defendant must answer all questions put to him by any law enforcement agents or government attorneys and must not withhold any information. he must not attempt to protect any person or entity through false information or omission, or to implicate falsely any person or entity. Upon request, he must furnish all documents, objects and other evidence in his possession, custody or control that are relevant to the government's inquiries.

Defendant understands that he has a right to have counsel present when communicating with representatives of the government concerning the criminal conduct with which he has been charged. To facilitate his cooperation, Defendant hereby knowingly and voluntarily waives this right with respect to all debriefings by law enforcement agents and government attorneys and all appearances to testify. This waiver may be revoked at any time by a specific request by Defendant or his counsel without otherwise affecting the terms or enforceability of this Agreement.

To enable the Court to have the benefit of all relevant sentencing information, Defendant waives any rights he may have to prompt sentencing and will join in any requests by the U.S. Attorney that sentencing be postponed until Defendant's cooperation is complete. Defendant

understands that the date of Defendant's sentencing is within the sole discretion of the Court and that this Agreement may require Defendant's cooperation to continue even after Defendant has been sentenced. Defendant's failure to continue to cooperate pursuant to the terms of this Agreement after sentence is imposed shall constitute a breach of this Agreement by Defendant.

b. <u>Letter Immunity</u>

In return for Defendant's full and truthful cooperation, the U.S. Attorney agrees not to use any information provided by Defendant pursuant to this Agreement or pursuant to the proffer letter dated February 14, 2002 (or any information directly or indirectly derived therefrom) against Defendant in any criminal case except in a prosecution (1) for perjury or obstruction of justice, or for making a false statement after the date of this Agreement; or (2) for an act of physical violence against the person of another, or conspiracy to commit any such act of violence. The U.S. Attorney reserves the right to respond fully and completely to all requests for information by the District Court and U.S. Probation Office in this case. All such disclosures, however, shall be made subject to the provisions constraining the use of this information by the District Court and U.S. Probation Office contained in U.S.S.G. § 1B1.8(a) and the commentary thereto. Notwithstanding the provisions of U.S.S.G. § 1B1.8(b)(5) and the commentary thereto, the U.S. Attorney agrees to take the position that at the time of sentencing information provided by Defendant pursuant to this Agreement should not be used either in determining where within the applicable guideline range to sentence Defendant or in determining whether, or to what extent, a departure from the Sentencing Guidelines is warranted.

If the U.S. Attorney determines that Defendant has breached this Agreement by making any false, incomplete or misleading statement, or by providing any false, incomplete or misleading information to any law enforcement personnel, grand jury or court, the U.S. Attorney may terminate this Agreement as set forth below, and may also prosecute Defendant for any and all offenses that could be charged against him in the District of Massachusetts, including, but not limited to, false statements and perjury.

8. <u>Court Not Bound By Agreement</u>

The sentencing recommendations made by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the U.S. Probation Office or the sentencing judge. Within the maximum sentence which Defendant faces under the applicable law, the sentence to be imposed is within the sole discretion of the sentencing judge. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B). Defendant may not withdraw his plea of guilty regardless of what sentence is imposed. Nor may Defendant withdraw his plea because the U.S. Probation Office or the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the parties. In the event that the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the U.S. Attorney, the U.S. Attorney reserves the right to defend the sentencing judge's calculations and sentence in any subsequent appeal or collateral challenge.

7

9. <u>Information For Presentence Report</u>

Defendant agrees to provide all information requested by the U.S. Probation Office concerning his assets.

10. <u>Civil Liability</u>

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of his conduct and his plea of guilty to the charges specified in paragraph one of this Agreement. Defendant agrees to cooperate with employees of the IRS, the Civil Division of the U.S. Attorney's Office, and law enforcement agents working with attorneys in the Civil Division of the U.S. Attorney's Office, in making an assessment of his civil liabilities. Defendant specifically authorizes release by the FBI, IRS or other investigative agency to the aforementioned agencies and their representatives of information for purposes of making that assessment. Defendant further agrees to assent to the filing and allowance of a motion under Rule 6(e) of the Federal Rules of Criminal Procedure, to permit the disclosure of matters occurring before the grand jury for this purpose.

11. <u>Rejection of Plea By Court</u>

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on motion of Defendant, this Agreement shall be null and void at the option of the U.S. Attorney.

12. <u>Breach of Agreement</u>

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, has violated any condition of his pretrial release, or has committed any crime following his execution of this Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to him under the law, irrespective of whether he elects to be released from his commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that no such breach by him of an obligation under this Agreement shall give rise to grounds for withdrawal of his guilty plea. Defendant understands that, should he breach any provision of this agreement, the U.S. Attorney will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by him, and any information, materials, documents or objects which may be provided by him to the government subsequent to this Agreement, or pursuant to the proffer agreement dated February 14, 2002 without any limitation. In this regard, Defendant hereby waives any defense to any charges which he might otherwise have under any statute of limitations or the Speedy Trial Act.

8

13. Who Is Bound By Agreement

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

14. Complete Agreement

This letter contains the complete and only agreement between the parties relating to the disposition of this case. No promises, representations or agreements have been made other than those set forth in this letter and in the proffer letter dated February 14, 2002. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral with the sole exception of those contained in the proffer letter dated February 14, 2002. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the Agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Paul G. Levenson.

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By: *Diane Freniere*
DIANE FRENIERE
Chief, White Collar Crime Section

PAUL G. LEVENSON
Assistant United States Attorney

### ACKNOWLEDGMENT OF PLEA AGREEMENT

I have had this letter read to me in my native language in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet

9

and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

*Xieu V. Son*
Xieu Van Son
Defendant

Date: 1/4/06

    I certify that Xieu Van Son has had this Agreement read to him in his native language and that we have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

MARK D. SMITH, ESQ.
Attorney for Xieu Van Son

Date: 1/4/06

10