UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | Crim. No. 05-10019-RGS |
| DANIEL W. McELROY and AIMEE J. KING McELROY, | ) ) ) | |
| defendants. | ) ) | |

## UNITED STATES' OPPOSITION TO DEFENDANTS' MOTION IN LIMINE REGARDING PLEA AGREEMENTS

The United States, by its undersigned counsel, opposes the Motion in Limine of Defendants Daniel W. McElroy and Aimee J. King McElroy, To Exclude Evidence of Improper Vouching. Dkt. #83.

Defendants ask this Court to exclude, as "improper vouching," the plea agreements of various witnesses whom the United States anticipates calling in its case-in-chief. Specifically, defendants complain that the plea agreements – which follow the standard form used by the United States Attorney for the District of Massachusetts – include terms and conditions which require full and truthful cooperation from the witnesses. This, defendants contend, constitutes "improper vouching."

As a matter of law, defendants' contentions are misplaced. Defendants omit to mention that the First Circuit has considered the precise issue they now press and has rejected the argument they advance. As the First Circuit has noted, "Where a plea agreement is introduced, it ordinarily may be introduced in its entirety." United States v. Richardson, 421 F.3d 17, 41 (1st Cir. 2005). This rule is well-settled in the First Circuit. See United States v. Newton, 891 F.2d 944, 950 (1st Cir. 1989) (rejecting request "to reconsider our long-standing rule that the entire plea agreement of a government witness may be placed before the jury").

As the First Circuit has pointed out, the rule is essentially one of completeness:

> Such agreements may often, as in the present case, point in different directions: a warning therein that the defendant will be prosecuted for false testimony enhances his credibility as a witness, but the rewards promised in the same document may undermine his credibility by showing that he stood to gain from incriminating others. . . . Only by viewing the entire agreement can the jury get the whole picture, from which to assess, as best it can, the probable motives or interests the witnesses could have in testifying truthfully or falsely.

United States v. Martin, 815 F.2d 818, 821 (1st Cir. 1987).

It may be appropriate to offer the jury special instructions with respect to the significance of evidence about witnesses' guilty pleas and the terms of their plea agreements. See, e.g., Richardson, 421 F.3d at 41. But there is no basis for excluding such evidence.

                                        Respectfully submitted,

                                        MICHAEL J. SULLIVAN
                                        United States Attorney

Dated: January 16, 2008

                              By: /s/ Sarah E. Walters
                                        JONATHAN F. MITCHELL
                                        SARAH E. WALTERS
                                        Assistant U.S. Attorneys
                                        John Joseph Moakley United States Courthouse
                                        1 Courthouse Way, Suite 9200
                                        Boston, MA 02210
                                        (617) 748-3100

## CERTIFICATE OF SERVICE

      I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non registered participants on this date.

Dated: January 16, 2008

                                        /s/ Sarah E. Walters
                                        SARAH E. WALTERS