UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 05-10019-RGS |
| v. | ) | |
| DANIEL W. MCELROY, and<br>AIMEE J. KING MCELROY, | ) | |
| Defendants. | ) | |

### GOVERNMENT'S OPPOSITION
### TO THE DEFENDANTS' MOTION IN LIMINE
### TO EXCLUDE EVIDENCE OF CIVIL COMPLAINT AND JUDGMENTS

The government hereby opposes the Motion in Limine of Defendants, Daniel W. McElroy and Aimee J. King McElroy, To Exclude Evidence of Civil Complaint and Judgments. Pursuant to Federal Rule of Evidence 403, the defendants seek to exclude a complaint and consent judgments against them in a civil action by the Department of Labor in 1992 that alleged violations of the Fair Labor Standards Act. DOL filed the action based in part on evidence that the defendants paid cash to the employees of their temporary employment business. The matter resulted in an consent judgment signed by Judge Zobel that ordered that Aimee J. King McElroy and her agents "shall not pay any employees by means of cash payments, but shall make all payments by check or other paper instrument." A copy of the consent judgment, which is marked as Government's Exhibit 3, is attached. The Court should deny the defendants' motion because the fact of the law suit and the consent judgments are of core relevance to the defendants' guilty knowledge, motive and lack of mistake in causing false representations to be made to the IRS and the defendants' workers compensation insurers, and any prejudice accruing

from their admission would be minimal, particularly with the mitigating measures outlined below in place.

Rule 403 provides that a court may exclude evidence if "its probative value is substantially outweighed by the danger of unfair prejudice." The evidence of the DOL suit, and the consent judgment enjoining defendant Aimee King McElroy from paying cash to her employees, is highly probative of whether the defendants knew that false representations were being made to the IRS and their workers compensation insurers. For starters, the judgment, along with the complaint that preceded it, placed the defendants on notice that they should not be paying cash to their employees. Put another way, the judgment establishes that the defendants knew from the time they were sued that there was no legitimate business reason for a company like theirs to pay cash. In this way, the judgment is relevant to show that the defendants did not pay cash as the result of mistake or a misunderstanding of the law. Under First Circuit law, the introduction of a civil consent judgment involving the same course of conduct alleged in the indictment may be properly admitted for this purpose. See New England Enterprises, Inc. v. United States, 400 F.2d 58, 70 (1st Cir. 1968).

In addition, as alleged in the indictment, the DOL is directly relevant to explain the defendants' motive (and therefore their intent) in setting up straw companies, Pro Temp. Co. and later Precission Temp Co., through which they paid their employees in cash. See Indictment, ¶¶ 41, 42. The government intends to offer evidence that the nominal presidents of these companies, Dich Trieu and Xieu Van Son, exercised no managerial authority over the businesses. Instead, the defendants controlled both companies so that they could continue their cash scheme. Along these lines, the law suit is part and parcel of the story of this case, and it

tends to prove that the defendants engaged in a scheme to defraud, as alleged in Counts 1-4.[1]

Any conceivable prejudice from the admission of evidence about the consent judgment in the case may be mitigated by the following:

(1) Because Government's Exhibit 2, Judge Zobel's order as to Daniel McElroy, does not refer to cash payments, the government will agree not to offer it in its case-in-chief.

(2) Although the complaint, Government's Exhibit 1, also does not refer to cash payments, it is relevant to establish when the defendants were placed on notice that they should not have been paying employees in cash. If the defendants will stipulate when the matter was filed against the defendants, the government will not offer the exhibit.

(3) The government proposes that the Court instruct the jury (1) that it may consider the judgment against Aimee King, Exhibit 3, only as evidence of notice, knowledge, intent, absence of mistake, or motive; (2) that the consent judgment does not constitute an admission of guilt; and (3) that the DOL action was not a criminal matter, and involved a lower standard of proof.

With these measures in place, the defendants cannot claim that they would be prejudiced at all by the admission of the consent judgment against Aimee King, much less demonstrate, as they

---

[1] Because the evidence of the law suit is relevant to show "intent," "knowledge" and "absence of mistake," it would be admissible under Federal Rule of Evidence 404(b). The government submits, however, that the Rule 404(b) analysis need not be reached, as the evidence of the law suit is not extrinsic to this case, as it relates to the same course of conduct that is alleged in the indictment, and it is directly relevant to explain why the defendants set up straw corporations as conduits for their cash payroll. See United States v. McCann, 366 F.3d 46, 55 (1st Cir. 2004).

must under Rule 403, that the probative value of Exhibit 3 is "*substantially* outweighed by the danger of unfair prejudice."[2]

Accordingly, subject to the proposals outlined above, the defendants' motion should be denied.

          Respectfully submitted,

          MICHAEL J. SULLIVAN
          United States Attorney

By:   /s/Jonathan F. Mitchell
      JONATHAN F. MITCHELL
      SARAH E. WALTERS
      Assistant U.S. Attorneys
      U.S. Attorney's Office
      U.S. Courthouse, Suite 9200
      1 Courthouse Way
      Boston, MA 02210

---

[2] The defendants contend in passing that allowing a civil judgment into evidence may violate a defendant's confrontation, due process and equal protection rights. See Def. Motion in Limine at 3. Their lone supporting authority for this proposition, United States v. Cohen, 946 F.2d 430, 435 (6th Cir. 1991), does not actually say that. Rather, the court noted that it disagreed with one commentator who noted the admission of a civil order might implicate the Confrontation Clause, because a consent judgment signed and agreed to by the defendant – as it is in this case – may be offered as an admission of a party opponent under Rule 801(d)(2)(A), thereby not implicating the defendant's confrontation rights.

## **CERTIFICATE OF SERVICE**

      I hereby certify that on January 17, 2008, I served a copy of the Government's Opposition to the Motion in Limine of Defendants, Daniel W. McElroy and Aimee J. King McElroy, To Exclude Evidence of Civil Complaint and Judgments by electronic filing on counsel of record for the defendants.

                                        /s/ Jonathan F. Mitchell
                                        Jonathan F. Mitchell

```
               UNITED STATES DISTRICT COURT

                         FOR THE

                 DISTRICT OF MASSACHUSETTS

* * * * * * * * * * * * * * * * * * * *
ROBERT REICH Secretary of Labor,       *
 United States Department of Labor,    *
                                       *
                           Plaintiff,  *
                                       *  CIVIL ACTION
               v.                      *
                                       *  FILE NO. 92-12306-Z
DAILY AGENCY, INC., and                *
AIMEE KING,                            *
                                       *
                           Defendants. *
* * * * * * * * * * * * * * * * * * * *
```

I hereby certify on 12/14/2007 that the foregoing document is true and correct copy of the
☐ electronic docket in the captioned case
☐ electronically filed original filed on _____
☑ original filed in my office on 9/18/1994

Sarah A. Thornton
Clerk, U.S. District Court
District of Massachusetts

By: _____
Deputy Clerk

DOCKETED

## JUDGMENT

Plaintiff having filed a complaint and the defendants having appeared by counsel, filed answer to the complaint, and agreed to the entry of this judgment without contest.

It is, therefore,

ORDERED, ADJUDGED and DECREED that defendants, their agents, servants, employees, and all persons acting or claiming to act in their behalf and interest be, and they hereby are, permanently enjoined and restrained from violating the provisions of the Fair Labor Standards Act, as amended (29 USC 201 et seq.), hereinafter referred to as the Act, in any of the following manners;

The defendants shall not, contrary to sections 6 and 15(a)(2) of the Act pay any employees who, in any workweek, are employed in commerce, or in the production of goods for commerce, or in an enterprise engaged in commerce or in the production of



goods for commerce, as defined by the Act, wages at rates less than the applicable minimum wage.

Defendants shall not, contrary to sections 7 and 15(a)(2) of the Act, employ any employees who in any workweek are engaged in commerce or in the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for workweeks longer than forty hours, unless such employee receives compensation for his employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he is employed.

Defendants shall not fail to make, keep, and preserve records of employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the regulations issued, and from time to time amended, pursuant to section 11(c) of the Act and found in 29 CFR 516.

Defendants shall take and retain copies of all identifying documents reviewed by them in conjunction with Employment Eligibility Verification, U. S. Department of Justice Immigration and Naturalization Service Form I-9.

Defendants shall not refuse or fail to make available for inspection and transcription by the authorized representative of the plaintiff records as prescribed by regulations duly issued, pursuant to section 11(a) of the Act and found at 29 CFR 516, including, among other things, records of the wages, hours, and

other conditions and practices of employment maintained by them with respect to employees.

Defendants shall not pay any employees by means of cash payments, but shall make all payments by check or other paper instrument.

Further, the Court finding as agreed to by the defendants that said defendants' employees should have been paid overtime compensation in the amount of $36,000.00, as shown on attached Exhibit "A" which is incorporated in and made a part hereof, and that such compensation shall be allocated by the Wage and Hour Division, U.S. Department of Labor.  An additional $2,000.00 in interest shall be allocated to defendants' employees as determined by the Wage and Hour Division, U.S. Department of Labor.  It is agreed, however, that defendants shall not be liable for liquidated damages or attorney's fees pursuant to the Act.

The defendants represent that they have been in compliance with the Act since January, 1993.  In resolving the amount of back wages in this judgment, the plaintiff has relied on this representation, and, accordingly, the back wage provision of this judgment shall have no effect upon any back wages which may have accrued since that date.

ORDERED, ADJUDGED and DECREED that the defendants are restrained from withholding payment of said compensation.

The back-wage provisions of this judgment shall be deemed satisfied when the defendants deliver to plaintiff twenty-four

(24) separate checks totalling $38,000.00 made payable to "Wage and Hour Division - Labor" for the gross amounts due, pursuant to the following installment plan:

$ 5,000.06     due on or before August 10, 1994

$ 1,434.78     plus 5.28 % interest due on or before the 10th day of each and every subsequent month for a period of twenty-three (23) months. The total amount of $38,000 plus interest shall be fully paid on or before July 10, 1996.

The defendants shall further provide to plaintiff, to the best of their ability, with the payment of the first installment, a list containing the social security number and last known address for each person listed in Exhibit A. The defendants shall provide in subsequent installment payments any updates or changes to the addresses of these persons.

Any back wage disbursements which cannot be distributed to the employees named in Exhibit A, or to their estates if that be necessary because of inability of Plaintiff to locate the proper persons or because of such person's refusal to accept such sums, shall be retained by Wage and Hour Division, U.S. Department of Labor. When recovered wages have not been claimed by the employee(s) within three (3) years, the Secretary of Labor shall deposit this money into the United States Treasury, pursuant to 29 U.S.C. 216(c).

Defendants shall not, under any circumstances, accept and keep any amounts returned to them by a person owed compensation

under this judgment. Any such amounts shall be immediately paid to the plaintiff as above.

It is further ORDERED, ADJUDGED and DECREED that the defendants shall pay $733.00 in deposition costs to the plaintiff on or before August 10, 1994; in all other regards, each party shall bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding.

Dated August 18, 1994

Rya W. Zobel
United States District Judge

Defendants hereby consent to
the entry of this judgment.
Daily Agency, Inc.
BY _____
    Robert D. Loventhal

_____
Aimee King

Plaintiff moves for entry of
this judgment:

Thomas S. Williamson, Jr.
Solicitor of Labor

Albert H. Ross
Regional Solicitor

_____
Gail E. Glick
Attorney

U.S. Department of Labor
Attorneys for Plaintiff

5